AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                             **ORDER OF DETENTION PENDING TRIAL**

__FREDERICO JARAMILLO__            Case Number: 08-20103-02-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 29, 2008                          s/ David J. Waxse
                                                *Signature of Judicial Officer*

                                                DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Frederico Jaramillo
Criminal Action 08-20103-02-KHV-DJW

## Part II - Written Statement of Reasons for Detention

The issues before the Court are whether or not there are conditions that can be set that will secure the appearance of the defendant at further hearings, and there is a set of factors I have to consider under 18 U.S.C. §3142(g).

The first factor is the nature and circumstances of the offense charged, and whether it involves a controlled substance.  It clearly does, so that is negative.

The next factor is the weight of the evidence.  There is obviously more evidence against the two male defendants as opposed to the female.

The next factor is the history and characteristics of the person, which includes their physical and mental condition.  There is nothing that would be a problem there.

The next factor is family ties.  Defendant has no close ties to this area.

The next factor is employment.  It appears there has been employment but there is no current employment, even though some may be available.

The next factor is financial resources.  There is no indication that defendant has substantial resources to enable him to flee.

The next factor is length of residence in the community.  Mr. Jaramillo does not reside here.

The next factor is history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.  There is no indication that defendant has a problem there.

The next factor is whether at the time of the current offense the person was on probation, parole, or other release pending trial.  There is no indication of that.

The final factor is the nature and seriousness of the danger to any person that would be posed by the release.  There has been no argument of danger, it is mostly a question of flight risk.

2

Having considered those factors, the question is whether there are conditions that I can set that will reasonably assure the appearance of the defendant.  It appears to me that there are not conditions that I can set because defendant has minimal ties to this immediate area.  Even though he does not have a record, that is not an issue with flight risk, so he will remain detained.